

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-76,175

**CHRISTIAN OLSEN, Appellant**

**v.**

**THE STATE OF TEXAS**

## ON DIRECT APPEAL FROM CAUSE NO. 07-04601-CRF-361 IN THE 361ST DISTRICT COURT BRAZOS COUNTY

**KELLER, P.J., filed a concurring opinion.**

Issues fifteen and sixteen involve a trial judge's erroneous application of a rule of evidence to exclude relevant testimony. The erroneous application of a rule of evidence is normally considered non-constitutional error, subject to a harm analysis under Texas Rule of Appellate Procedure 44.2(b). In this case, however, I believe it is appropriate to employ a constitutional harm analysis under Rule 44.2(a). I write separately to explain why this is so.

The trial judge believed that Dr. Vandiver lacked the proper qualifications, and so he

excluded her testimony. If the trial judge had been correct, exclusion of the evidence would have been proper under Texas Rule of Evidence 702. Dr. Vandiver was qualified, though, so excluding her testimony was error under Rule 702.

Not every violation of a state evidentiary rule that results in the exclusion of relevant evidence constitutes a constitutional violation.[1] In non-capital cases, the standard for determining whether the exclusion of such evidence constitutes a constitutional violation is whether "the evidence forms such a vital portion of the case that exclusion effectively precludes the defendant from presenting a defense."[2] But the Eighth Amendment requires that the sentencer in a death-penalty case be permitted to consider any factor relating to the character of the defendant or the circumstances of the crime that would mitigate against the imposition of a death sentence.[3] And under the Eighth Amendment, the threshold for relevance of such evidence is low.[4] Because of Eighth Amendment considerations, then, a constitutional harm analysis must apply to the erroneous exclusion of relevant mitigating evidence that a defendant seeks to offer at the punishment phase of a death-penalty case.[5]

---

[1] *Potier v. State*, 68 S.W.3d 657, 663 (Tex. Crim. App. 2002).

[2] *Id.* at 665.

[3] *Penry v. Lynaugh*, 492 U.S. 302, 318-19 (1989); *Eddings v. Oklahoma*, 455 U.S. 104, 110-12 (1982).

[4] *Tennard v. Dretke*, 542 U.S. 274, 285 (2004).

[5] The key assumption is that the evidence was in fact admissible under state rules of evidence but was erroneously excluded. The situation would be different if the evidence was in fact inadmissible under a state rule of evidence. *See Williams v. State*, 273 S.W.3d 200, 232-33 (Tex. Crim. App. 2008) (assuming, without deciding, that constitutional principles in *Potier* apply at the punishment phase of a capital murder trial, concluding that the trial court did not err in excluding

(continued...)

With these comments, I concur in the Court's judgment.

Filed: April 25, 2012
Do Not Publish

---

(...continued)
evidence under the rule against hearsay, and concluding that admission of evidence was not constitutionally required because it was not vital to the defendant's defense).